

**FILED**

**SEP 24 2002**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| EDDIE L. DAVIS, | \* | |
| | \* | CIV. 02-4207 |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | COMPLAINT |
| | \* | |
| JESSICA YORK, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the above-named Plaintiff, by and through the undersigned attorney, and states as follows:

1. This is an action at law and in equity for damages, brought by the Plaintiff for injuries resulting from the unlawful conduct of the Defendant.

2. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, 42 U.S.C. § 1983.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and additionally, the Court's supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

4. The Plaintiff is a citizen of the United States of America and a resident of the City of Sioux Falls, County of Minnehaha, State of South Dakota.

5. The defendant is a police officer of the City of Sioux Falls, a municipal corporation and governmental subdivision of the State of South Dakota.

6. On or about September 23, 2001, Plaintiff and his wife were at the Acme Drink Company. In exiting the establishment, Plaintiff was walking with another individual, Marty Condon, and his wife was walking some distance ahead with a friend of theirs. At one point, Plaintiff's wife was struck by an automobile in the establishment's parking lot. Upon striking the Plaintiff's wife, the driver of the automobile fled in his car and Plaintiff pursued the vehicle on foot a short distance in an attempt to identify the license plate of

the vehicle.

7. When Plaintiff returned to the scene where his wife had been struck, a large crowd had gathered around his wife, who had sustained serious injuries as a result of being struck by the vehicle. He worked his way through the crowd, where he found employees of the establishment attempting to keep the crowd away from her until an ambulance could arrive. As the Plaintiff attempted to get to his wife the Defendant grabbed his arm to hold him back. The Plaintiff and Mr. Condon told the Defendant that the victim was the Plaintiff's wife. The Defendant replied, "I don't care who he is and I don't care who she is." Plaintiff then pulled away from the Defendant.

8. After Plaintiff pulled away from Defendant, she told him that he was under arrest. Plaintiff then told the Defendant that he needed to see his wife, but the Defendant, with the assistance of another officer and the threat of pepper spray, forced Plaintiff's hands behind his back and hand-cuffed him. Plaintiff was forced to abandon his wife and was compelled to stand by a police car until the scene was cleared and his wife was taken away by ambulance.

9. Defendant told Mr. Condon that Plaintiff was being arrested for obstructing a law enforcement officer and resisting arrest. He was also told that Plaintiff could be released by posting a bond a the Minnehaha County Jail.

10. After searching the Plaintiff's person, which search did not reveal any incriminatory or dangerous items, Defendant required Plaintiff to abandon his wife and accompany Defendant to the Minnehaha County Jail, where at the direction of the Defendant, Plaintiff was to be held on the misdemeanor criminal charges of obstructing police, pursuant to SDCL 22-11-6 and resisting arrest pursuant to SDCL 22-11-4.

11. Plaintiff was then "booked" on the aforementioned charges by personnel in the employ of the Minnehaha County Sheriff's Office.

12. With the assistance of Mr. Condon, the Plaintiff was making arrangements to post bond on the misdemeanor charges. The Defendant then without a warrant, probable cause or any other lawful cause therefor, told jail personnel to hold the Plaintiff on charges of aggravated assault, a felony, pursuant to SDCL 22-18-1.1. In support of her charges, the Defendant falsely alleged that Plaintiff "tensed up and forcefully pushed me."

13. Pursuant to protocols adopted by the Circuit Court of the Second Judicial Circuit in Minnehaha County, South Dakota, Plaintiff could be released from misdemeanor charges by posting a nominal cash or surety bond. As a result of the felony charge, Defendant would be held without bail until his case could be brought before a magistrate judge.

14. Defendant knew or should have known that by falsely alleging that Plaintiff had committed the crime of aggravated assault, he would be held in jail, without bail, until he could be brought before a magistrate the following Monday.

15. By reason of the illegal arrest of the Plaintiff on the felony charge of aggravated assault, Plaintiff was required to hire and did in fact employ legal counsel, Debra S. Sittig, Woods, Fuller, Shultz & Smith, P.C., to secure his release.

16. By contacting the Minnehaha County State's Attorney and a Second Judicial Circuit judge, Defendant's attorney was eventually able to secure his release.

17. In considering the allegations against the Plaintiff, the Minnehaha County State's Attorney's office refused to charge Defendant with either aggravated assault or resisting arrest.

18. As a result of the false allegation against him, Plaintiff incurred reasonable attorney fees in the amount of approximately $1,500.00 to secure his release and defend his case.

## Causes of Action

### COUNT I.

(VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW - 42 U.S.C. § 1983)

19. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 18 of the factual allegations.

20. Each of the Acts of the Defendant alleged in the complaint were done by the Defendant under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of South Dakota, the City of Sioux Falls and the County of Minnehaha, and under the authority of the Defendant's office as a police officer for the City of Sioux Falls.

21. Plaintiff's arrest was conducted in an abusive manner, during which the defendant threatened the plaintiff with pepper spray and handcuffed the Plaintiff with the intent humiliating and embarrassing the Plaintiff in the presence of the public generally, and particularly the people present at the scene.

22. Defendant's allegations that Plaintiff attempted to cause or knowingly caused any bodily injury to her or any other law enforcement officer, resisted arrest or obstructed the duties of a law enforcement officer were made without probable cause thereby causing Plaintiff's unlawful incarceration.

23. The conduct of the Defendant deprived the Plaintiff of the right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution; and the right of the Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States of America.

24. The acts of the Defendant were performed knowingly, intentionally and maliciously, by reason of which the Plaintiff is entitled to punitive damages.

## COUNT II.

### (MALICIOUS PROSECUTION)

25. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 18 of the factual allegations.

26. The criminal arrest of the Plaintiff upon the charge of aggravated assault by the Defendant was initiated with malice and without probable cause to believe it could succeed, and which in fact ended in favor of the Plaintiff;

27. Defendant's conduct caused Plaintiff to suffer substantial damages for mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28. The malicious prosecution of the Defendant was knowingly, intentionally and maliciously initiated by the Defendant, by reason of which the Plaintiff is entitled to punitive damages.

## COUNT III

### (FALSE ARREST)

29. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 18 of the factual allegations.

30. The continued detention and restraint of the Plaintiff upon the allegations of aggravated assault were unlawful and a false arrest by the Plaintiff.

31. The false arrest of the Defendant was initiated knowingly, intentionally and maliciously, by reason of which the Plaintiff is entitled to punitive damages.

## COUNT IV.

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

32. Plaintiff realleges and incorporates by reference herein, paragraphs 1 through 18 of the factual allegations.

33. The conduct and the actions of the Defendant were intentional and with reckless disregard for the rights and well being of the Plaintiff and amounted to extreme and outrageous conduct on Defendant's part. These acts were intended to cause Plaintiff severe emotional distress and said conduct is a cause of Plaintiff's injuries.

34. The aforementioned actions by Defendant were willful, malicious, extreme and outrageous, and without reasonable grounds or probable cause, and being of a very serious kind and exceeding conduct that is usually tolerated by decent society.

35. As a result of the above-mentioned acts, Plaintiff experienced severe emotional distress, significant harm to his reputation, great shame, embarrassment and humiliation.

36. The infliction intentional infliction of emotional distress toward the Plaintiff by Defendant was the result of the knowing, intentional and malicious acts of the Defendant, by reason of which the Plaintiff is entitled to punitive damages.

### Conclusion

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Compensatory damages in an amount necessary to compensate, reimburse and make the Plaintiff whole for the Defendant's intentional and wrongful actions;

2. Punitive damages in an amount calculated to appropriately punish the Defendant for willfully and maliciously engaging in said conduct towards the Plaintiff in an amount necessary to deter the Defendant from engaging in such conduct in the future;

3. Plaintiff's costs disbursements and attorney fees herein; and

4. Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Comes now the above-mentioned Plaintiff and pursuant to rule 38(b) of the Federal Rules of Civil Procedure hereby demands a trial by jury of all issues as alleged in this complaint.

Dated this 24th day of September, 2002.

TIMOTHY J. WILKA, P.C.

*Timothy J. Wilka*

Timothy J. Wilka
101 S. Main Avenue Suite 402
Sioux Falls, SD 57102
Tel.: (605)334-2334
Attorney for Plaintiff